13-1642-cv
*Pricewaterhousecoopers, L.L.P. et al. v. Jitendra Bhatia, et al.*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM 2013

No. 13-1642-cv

JITENDRA BHATIA, KISHANCHAND BHATIA, JAYSHREE BHATIA, MANDAKINI GAJARIA, ABN AMRO LIFE S.A., BAHIA DEL RIO S.A., BEVINGTON MANAGEMENT, LTD., CALWELL INVESTMENT S.A., DIAMOND HILLS INC., HEDGE STRATEGY FUND LLC, KIVORY CORPORATION, MIGUEL LOMELI, NORTH CLUB, INC., MORNING MIST HOLDINGS LIMITED, PFA PENSION A/S, TAURUS THE FOURTH LTD., ZENN ASSETS HOLDING, LTD., CARLOS MATTOS, CHANDRASHEKAR GUPTA, DEEPA GUPTA, ULRICH BLASS, ROBERTO CIOCI, SANDRA MARCHI CIOCI, JOHN PAUL DOUGHERTY, E. THOMAS DOUGHERTY NOVELLA, MUNIANDY NALAIAH, LILA NEEMBERRY, PETER A. & RITA M. CARFAGNA IRREVOCABLE CHARITABLE REMAINDER UNITRUST, MOSHE PODHORZER, R. WICKNESWARI V. RATNAM, ENRIQUE SANTOS, ENRIQUE SANTOS CALDERON, JACQUELINE URZOLA, JOSEFINA SANTOS URZOLA, FELIPE J. BENAVIDES, FUNDACION VIRGILIO BARCO, DAVID HOPKINS, CATALINA MEJIA, CESAR MEJIA MEJIA, R.M. RADEMAKER, THE ALPHA AND OMEGA PARTNERSHIP, LP, RICHMON COMPANY LTD., POSITANO INVESTMENT LTD., PACIFIC WEST HEALTH MEDICAL CENTER INC. EMPLOYEES RETIREMENT TRUST, ON BEHALF OF ITSELF, PACIFIC WEST HEALTH MEDICAL CENTER INC. EMPLOYEES RETIREMENT TRUST, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, SHIMON LAOR, DAVID I. FERBER, FRANK E. PIERCE, FRANK E. PIERCE IRA, NADAV ZOHAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, RONIT ZOHGR, FAIRFIELD SENTRY LTD., HEADWAY INVESTMENT CORP., BPV FINANCE (INTERNATIONAL) LTD., JOSE ANTONIO PUJALS, INDIVIDUALLY AND IN THEIR REPRESENTATIVE CAPACITIES FOR ALL

THOSE SIMILARLY SITUATED, ROSA JULIETA A DE PUJALS, INDIVIDUALLY AND IN THEIR REPRESENTATIVE CAPACITIES FOR ALL THOSE SIMILARLY SITUATED, MARIDOM LIMITED, A FOREIGN CORPORATION, RICARDO LOPEZ, STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED, STANCHART SECURITIES INTERNATIONAL, INC., MARIA AKRIBY VALLADOLID, RICARDO RODRIGUEZ CASO, WONG YUK HING DE LOU, MOISES LOU MARTINEZ, JOAQUINA TERESA BARBACHA HERRERO, SAND OVERSEAS LIMITEDSAND OVERSEAS LIMITED, BLOCKBEND LTD, EASTFORK ASSETS LTD, GERICO INVESTMENTS, INC., ALICIA GAVIRIA RIVERA, EDUARDO CHILD ESCOBAR, MAILAND INEVSTMENT INC., ARJAN MOHANDAS BHATIA, TRADWAVES, LTD., PARASRAM DARYANI, NEELAM P. DARYANI, VIKAS P. DARYANI, NIKESH P. DARYANI, ASHOKKUMAR DAMODARDAS RAIPANCHOLIA, PRERNA VINOD UTTAMCHANDANI, KISHIN MOHANDAS BHATIA, SURESH M. BHATIA, BHARAT MOHANDAS, AARVEE LTD., KISHU NATHURMAL UTTAMCHANDANI, VANDNA PATEL, RAJESHKUMAR DAMODARDAS RAIPANCHOLIA, DILIP DAMODARDAS RAIPANCHOLIA,RAJENDRAKUMAR PATEL, SECURITIES & INVESTMENT COMPANY BAHRAIN, HAREL INSURANCE COMPANY, LTD., AXA PRIVATE MANAGEMENT, ST. STEPHEN'S SCHOOL, PACIFIC WEST HEALTH MEDICAL CENTER, INC. EMPLOYEE'S RETIREMENT TRUST, PASHA S. ANWAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED INVESTORS IN THE GREENWICH SENTRY, L.P. PRIVATE INVESTMENT LIMITED PARTNERSHIP, JULIA ANWAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED INVESTORS IN THE GREENWICH SENTRY, L.P. PRIVATE INVESTMENT LIMITED PARTNERSHIP, INTERAMERICAN TRUST, ELVIRA 1950 TRUST, BONAIRE LIMITED, CARLOS GAUCH, WALL STREET SECURITIES, S.A., BANCO GENERAL, S.A., HARVEST DAWN INTERNATIONAL INC., EL PRADO TRADING, OMAWA INVESTMENT CORPORATION, CARMEL VENTURES LTD., TRACONCORP, BLYTHEL ASSOCIATED CORP., MARREKESH RESOURCES, CENTRO INSPECTION AGENCY, KALANDAR INTERNATIONAL, LANDVILLE CAPITAL

MANAGEMENT S.A., 20/20 INVESTMENTS, AXA PRIVATE MANAGEMENT DIVERSIFIED INVESTMENTS ASSOCIATES CLASS A UNITS, ABR CAPITAL FIXED OPTION/INCOME STRATEGIC FUND LP, HAREL INVESTMENT AND FINANCIAL SERVICES LTD ., GOPAL BHATIA, THE KNIGHT SERVICES HOLDINGS LIMITED, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees*,

*v.*

CORINA NOEL PIEDRAHITA, WALTER M. NOEL, JR., ANDRES PIEDRAHITA, JEFFREY TUCKER, AMIT VIGAYVERGIA, FAIRFIELD HEATHCLIFF CAPITAL LLC, YANKO DELLAW SCHIAVA, PHILIP TOUB, LOURDES BARRENECHE, CORNELIS BOELE, VIANNEY D'HENDECOURT, HAROLD GREISMAN, JACQUELINE HARARY, DAVID HORN, RICHARD LANDSBERGER, DAVID LIPTON, JULIA LUONGO, MARK MCKEEFRY, MARIA TERESA PULIDO MENDOZO, CHARLES MURPHY, SANTIAGO REYES, ANDREW SMITH, FAIRFIELD GREENWICH (BERMUDA) LIMITED, FAIRFIELD GREENWICH ADVISORS, L.L.C., DANIEL LIPTON, ROBERT BLUM, GREGORY BOWES, FAIRFIELD RISK SERVICES LTD., FAIRFIELD GREENWICH LIMITED, A CAYMAN ISLAND COMPANY, FAIRFIELD GREENWICH GROUP, FAIRFIELD GREENWICH (BERMUDA) LTD.,

*Defendants-Appellees*,

*v.*

CITCO FUND SERVICES (EUROPE) B.V., PRICEWATERHOUSECOOPERS L.L.P., CITCO FUND SERVICES (BERMUDA) LIMITED, THE CITCO GROUP LIMITED, CITCO BANK NEDERLAND N.V. DUBLIN BRANCH, CITCO

CANADA INC., PRICEWATERHOUSECOOPERS ACCOUNTANTS N.V., CITGO GLOBAL CUSTODY N.V.,

*Defendants-Appellants,*

*v.*

1-20 JOHN DOES, BRIAN FRANCOUER, PRICEWATERHOUSECOOPERS BERMUDA, IAN PILGRIM, PRICEWATERHOUSECOOPERS ACCOUNTANTS NETHERLANDS N.V., LION FAIRFIELD CAPITAL MANAGEMENT LIMITED, CARLOS GADALA-MARIA, RAUL MAS, ROBERT FRIEDMAN, RODOLFO PAGES, JOHN G. DUTKOWSKI, LUISA SERENA, MIGUEL CALVO, SAMUEL PERRUCHOUD, EFG CAPITAL INTERNATIONAL CORP., MATTHEW C. BROWN, GLOBEOP FINANCIAL SERVICES LLC., GREENWICH SENTRY, L.P., FAIRFIELD SENTRY LIMITED, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (US), PRICEWATERHOUSECOOPERS LLP CHARTERED ACCOUNTANTS, FAIRFIELD INTERNATIONAL MANAGERS, INC., STANDARD CHARTERED PLC, AMERICAN EXPRESS BANK LTD, STANDARD CHARTERED PRIVATE BANK, STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED, STANDARD CHARTERED BANK, STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED, FAIRFIELD GREENWICH CORP.,

*Defendants.*[1]

————

---

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from the United States District Court
for the Southern District of New York.
No. 9-CV-118 — Victor Marrero, *Judge*.

_____

ARGUED: NOVEMBER 22, 2013
DECIDED: JUNE 26, 2014

_____

Before: JACOBS, PARKER, AND CHIN, *Circuit Judges*.

_____

An appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) approving the settlement of putative class action securities claims against certain defendants over the objections of non-settling defendants. Dismissed.

_____

DAVID A. BARRETT (HOWARD L. VICKERY, II, STUART H. SINGER, CARLOS SIRES, SASHI BACH BORUCHOW, Boies, Schiller & Flexner LLP; ROBERT C. FINKEL, JAMES A. HARROD, Wolf Popper LLP; CHRISTOPHER LOVELL, VICTOR E. STEWART, Lovell Stewart Halebian Jacobson LLP, *on the brief*), Boies, Schiller & Flexner LLP, New York, NY, *for Plaintiffs-Appellees*.

MARK G. CUNHA, Simpson Thacher & Bartlett LLP, New York, NY, *for Defendants-Appellees*.

CHRISTOPHER LANDAU (TIMOTHY A. DUFFY, EMILY P. HUGHES, Kirkland & Ellis LLP; WILLIAM R. MAGUIRE, SARAH L. CAVE, Hughes Hubbard & Reed LLP; WALTER RIEMAN, Paul, Weiss, Rifkind, Wharton & Garrison LLP, *on the brief*) Kirkland & Ellis LLP, Washington, DC, *for Defendants-Appellants.*

————

BARRINGTON D. PARKER, *Circuit Judge*:

This appeal requires us once again to grapple with the aftermath of the Ponzi scheme run by Bernard L. Madoff. Defendants-Appellants PricewaterhouseCoopers and Citco[2] (collectively, the "Non-Settling Defendants") seek to overturn a partial final judgment entered in the United States District Court for the Southern District of New York (Marrero, *J.*) approving the settlement of certain putative class action claims. The settled claims were brought by Plaintiffs-Appellees (the "Investor Plaintiffs") who were individual and institutional investors in so-called Madoff feeder funds managed by the Fairfield Greenwich Group.[3] The claims were brought against the Group as well as its directors and

[2] "PricewaterhouseCoopers" consists of defendants PricewaterhouseCoopers LLP [Canada] and PricewaterhouseCoopers Accountants Netherlands N.V. "Citco" consists of defendants Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Ltd., and The Citco Group Limited.

[3] The Fairfield Greenwich Group includes funds managed by Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors, L.L.C., Fairfield Risk Services LTD., Fairfield Greenwich Limited, Fairfield Greenwich Group, Fairfield Greenwich (Bermuda) LTD.

officers (collectively, the "Fairfield Greenwich Defendants" or the "Settling Defendants").

The Non-Settling Defendants challenge one particular provision in the settlement agreement that provides that investors who file claims under the settlement submit to the district court's jurisdiction for the sole purpose of participating in the settlement and not for any other purpose. The Non-Settling Defendants contend that the district court erred in approving this provision because district courts cannot permit litigants to agree to insulate themselves from personal jurisdiction if it would otherwise be created as a result of the settlement.

In response, the Investor Plaintiffs contend, among other things, that the Non-Settling Defendants lack standing to lodge this objection. The Non-Settling Defendants counter that they have standing because the provision in question prejudices their rights to assert that participation in the settlement should bar or limit investor claims against them in other litigation. Because we conclude that the Non-Settling Defendants do not have standing to challenge the settlement, we dismiss the appeal.

**I.**

Plaintiffs-Appellees invested money in funds sponsored and managed by the Fairfield Greenwich Group, which in turn invested substantially all of its assets with Bernard L. Madoff Investment Securities LLC. After discovering that their investments were lost as a result of Madoff's fraudulent scheme, Investor Plaintiffs brought a putative class action asserting federal securities and state common law claims against the Fairfield Greenwich Defendants, their outside public accountants, PricewaterhouseCoopers, and Citco and

GlobeOp Financial Services, LLC,[4] which provided various professional services to the funds.  In addition to restitution of the $5 billion Investor Plaintiffs alleged that they, as a class lost, as a result of Madoff's fraudulent scheme, the complaint sought consequential and punitive damages as well as disgorgement of profits purportedly obtained by the defendants.

Following protracted motion practice,[5] the Investor Plaintiffs and the Fairfield Greenwich Defendants engaged in settlement negotiations and in November 2012 moved for the preliminary approval of a settlement they had reached.   The settlement purported to resolve all claims between the Investor Plaintiffs and the Fairfield Greenwich Defendants.

As Plaintiffs' motion for class certification had not been adjudicated,[6] the proposed preliminary approval order defined a settlement class (the "Settlement Class")[7] and provided that its members had the right to request exclusion from the class.   The

[4] Defendant GlobeOp Financial Services, LLC has entered into its own settlement with Plaintiffs.  *See* Dist Ct. No. 09-118, Dkt. 1232.

[5] *See*, *e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 354 (S.D.N.Y. 2010); *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372 (S.D.N.Y. 2010).

[6] In February 2013, the district court granted in part and denied in part Plaintiffs' motion for class certification, excluding from the class investors in 25 countries, which it found had not been shown likely to give preclusive effect to an opt-out class judgment.  *Anwar v. Fairfield Greenwich Ltd.*, 289 F.R.D. 105, 121 (S.D.N.Y. 2013).  This court recently vacated the class certification order as to claims against the Non-Settling Defendants and remanded for further findings on the Rule 23 requirements as they pertain to the claims asserted against each of the Non-Settling Defendants. *See Anwar v. Fairfield Greenwich Ltd.*, Nos. 13-2340, 13-2345, 2014 U.S. App. LEXIS 11515 (June 19, 2014).

[7] The Settlement Class was defined principally as "all Persons who were Beneficial Owners of shares or limited partnership interests in the Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or limited partner account of record) and who suffered a Net Loss of principal invested in the Funds."  *See* Joint App'x 273.

proposed order also provided that those investors who wished to remain in the class could file proofs of claim in order to share in the distribution of the settlement proceeds.

Paragraph 17 of the proposed order further provided that Settlement Class members who filed proofs of claim would submit to the district court's jurisdiction as follows:

> Any Settlement Class Member who submits a Request for Exclusion or a Proof of Claim thereby submits to the jurisdiction of the Court with respect to the subject matter thereof and all determinations made by the Court thereon.

Joint App'x 311 ¶ 17.

Following the filing of the motion for preliminary approval of the settlement, the putative class representatives were approached by several putative Settlement Class members who expressed concern that, as foreign individuals and entities, participation in the Settlement Class could subject them to clawback actions in United States courts by Irving Picard, the SIPC Trustee for Bernard L. Madoff Investment Securities, LLC, and Kenneth Krys, the court-appointed Liquidator of Fairfield Sentry Ltd., seeking to recover monies they may have directly or indirectly received through the Fairfield Greenwich Group from Madoff. In response to these concerns, on the eve of the preliminary approval hearing, the settling parties submitted an amended proposed order purporting to limit the district court's jurisdiction over Settlement Class members. Paragraph 17 of the preliminary approval order was amended to state in relevant part:

> [A]ny Settlement Class Member who submits a Proof of Claim thereby submits to the jurisdiction of this Court with

respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon *and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.*

Joint App'x 415 ¶ 17 (emphasis added).

At the hearing, the Non-Settling Defendants objected to the amended language on the ground that class members who submitted to the court's jurisdiction in order to accept the terms of the settlement could not, at the same time, be permitted to limit the legal consequences of doing so. The Non-Settling Defendants contended that they were currently facing claims in litigation in the Netherlands and were entitled to argue that any entity that participated in the New York settlement could not pursue claims in any other jurisdiction. The district court overruled the objections and approved the amended preliminary settlement order.

Following the end of the notice period, the Investor Plaintiffs moved for final approval of the settlement. Over the objections of the Non-Settling Defendants, the district court entered the final order approving the settlement and entering partial final judgment with respect to Investor Plaintiffs' claims against the Fairfield Greenwich Defendants (the "Final Order"). Paragraph 28 of the Final Order contained language identical to paragraph 17 of the amended preliminary order providing that Settlement Class members who submit proofs of claim only submit to the jurisdiction of the district court with respect to the subject matter of the proof of claim. Special App'x 13. This appeal followed.

**II.**

Plaintiffs contend that the Non-Settling Defendants do not have standing to appeal the Final Order. The question of standing is a "threshold determinant[ ] of the propriety of judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Although we generally review a district court's approval of a settlement for abuse of discretion, *McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009), we review *de novo* the issue of whether the Non-Settling Defendants have standing to bring this appeal, s*ee Denney v. Deutsche Bank AG*, 443 F.3d 253, 262 (2d Cir. 2006); *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004).

Over the years, the Supreme Court has articulated the standard by which the "irreducible constitutional minimum of standing" is established. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U. S. ___, 134 S. Ct. 1377, 1386 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A party must have suffered an injury-in-fact, that is, the invasion of a "legally protected interest" in a manner that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U. S. at 560 (internal quotation marks omitted). Moreover, the injury must be "fairly traceable" to the alleged conduct and it must be likely that the injury will be redressed by a favorable decision. *Id.* at 560-61.

The standing requirements ensure that judicial resources are "devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 191 (2000). Consequently, we have observed that a non-settling defendant generally lacks standing to object to a court order approving a partial settlement because a non-settling defendant is

ordinarily not affected by such a settlement. *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993). This rule advances the policy of encouraging the voluntary settlement of lawsuits. *See id.*; *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987).

However, there is a recognized exception to this general rule which permits a non-settling defendant to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement. *Zupnik,* 989 F.2d at 98; *see also Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005); *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1102 (10th Cir. 2001); *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000); *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995); *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247-48 (7th Cir. 1992).

The Non-Settling Defendants contend that paragraph 28 of the Final Order causes them such prejudice because it "*effectively* strips them of defenses against the settling plaintiffs in other fora, including defenses based on duplicative litigation and preclusion." Brief of Defendants-Appellants ("App. Br") at 11 (emphasis added). This allegation, however, does not rise to the required level of formal legal prejudice necessary for standing. That level exists only in those rare circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial. *See Denney*, 443 F.3d at 273 (reviewing challenge where settlement included a bar order prohibiting claims against settling defendants); *Gerber v. MTC Elec. Techs. Co., Ltd.*, 329 F.3d 297, 305 (2d. Cir. 2003); *see also Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990) (finding standing where

settlement dismissed cross-claims with prejudice); *Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1173–74 (5th Cir. 1981) (reviewing challenge where settlement made potential witnesses unavailable to remaining defendants).

Nothing in the Final Order precludes the Non-Settling Defendants from asserting in the district court or in other litigation any claims or defenses that may be available to them. Similarly, nothing in that order requires that they forbear from asserting in the Dutch proceedings, or in any future proceedings in other courts, that participation in the settlement approved by the district court bars subsequent or parallel proceedings. *See Zupnick*, 989 F.2d at 98-99 (expressing skepticism that non-settling defendants claims were foreclosed where the stipulations of settlement purported to extinguish "any and all claims . . . that have been, could have been, or in the future might be asserted" by non–settling defendants, because the agreements were not binding on them). The Non-Settling Defendants implicitly concede as much stating: "Paragraph 28 *undercuts* that argument, as well as appellants' ability to invoke preclusion defenses in the Dutch actions (or any other actions) based on the outcome of this case." App. Br. at 13 (emphasis added). It is not, however, sufficient for the Non-Settling Defendants to show that they were somehow "undercut" through the loss of some practical or strategic advantage. As we have stated, to succeed they must show formal legal prejudice. They have not done so.

Finally, we note that the Non-Settling Defendants have already invoked the "preclusion defenses" in the Dutch proceedings. To us, that is a significant demonstration that nothing in the Final Order prevents or limits them from continuing to assert that Settlement Class members' participation in the settlement bars, limits, or otherwise impacts claims against them in other

jurisdictions.   Moreover, in any proceedings to which they are proper parties, the Non-Settling Defendants are free to argue that paragraph 28 of the Final Order is invalid and lacks preclusive effect against them.

In reaching this result, we join our sister courts in holding that a settlement which does not prevent the later assertion of a non-settling party's claims (although it may spawn additional litigation to vindicate such claims), does not cause the non-settling party "formal" legal prejudice.   *See*, *e.g.*, *Agretti*, 982 F.2d at 247-48 (concluding that a party did not have standing to challenge a settlement agreement in which a co-defendant agreed to declare the contract void because the non-settling party retained the right to assert that the contract was valid and enforceable, despite the obvious practical burden of having its contractual partner disavow the contract); *New Mexico ex rel. Energy & Minerals Dep't v. U.S. Dep't of Interior*, 820 F.2d 441, 444-45 (D.C. Cir. 1987) (holding that the Navajo Tribe's challenge to a provision of a settlement which purported to clarify the Secretary's position on whether allotments to individual Indians of lands which lie outside the undisputed boundaries of the Navajo Reservation were "Indian lands" was properly dismissed because the Tribe was not bound by the settlement and the Tribe could raise their legal objections in subsequent litigation).

For these reasons, we conclude that the Non-Settling Defendants do not have standing to object to the settlement.  In view of this conclusion, we decline to address the remaining issues argued on appeal.

**CONCLUSION**

We dismiss the appeal for lack of standing.