Pasha ANWAR, et al., Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al., Defendants.

No. 09–cv–0118 (VM).

United States District Court, S.D. New York.

Signed Sept. 15, 2015.

David A. Barrett, Boies, Schiller & Flexner LLP, New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Christopher Lovell, Victor E. Stewart, Jody Krisiloff, Lovell, Stewart, Halebian LLP, New York, NY, Howard L. Vickery, II, Boies, Schiller & Flexner, LLP, Matthew W. Cheney Crowell & Moring LLP (DC) Washington, DC William M. O'Connor Thompson & Knight, LLP, New York, NY, for Plaintiff. Richmon Company Ltd., pro se. Positano Investment Ltd., pro se.

Christopher Lovell, Victor E. Stewart, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner LLP, New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, for Plaintiffs.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On August 13, 2015, this Court issued an order preliminarily approving a partial settlement of this action ("August 13 Order") (Dkt. No. 1402), resolving claims asserted by the Representative Plaintiffs on their own behalf and on behalf of the Settlement Class (collectively, "Anwar Plaintiffs") against the Citco Defendants, as embodied in the Stipulation of Settlement ("Proposed Citco Settlement"). (Dkt. No. 1398.)

In the August 13 Order, the Court found that "(a) the Stipulation resulted from good faith, arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing." (Dkt. No. 1402.) The Court set a Settlement Hearing for November 20, 2015 to determine "whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice ... as provided in Exhibit B to the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate." (*Id.*)

By letter dated August 21, 2015, New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") requested a premotion conference regarding the Trustee's proposed motion to intervene, pursuant to Fed.R.Civ.P. 24, for the purpose of objecting to the Proposed Citco Settlement ("Au-

gust 21 Trustee Letter"). (Dkt. No. 1408.) The Trustee argues that Paragraph 19 of the Proposed Final Judgment and Order of Dismissal with Prejudice ("Proposed Order") (Dkt. No. 1398 Ex. 5)[1] is objectionable as it implies that the Court has determined that Citco has "colorable rights to offset the Trustee's claims." (Dkt. No. 1408.) Furthermore, the Trustee claims that the Proposed Citco Settlement, including the proposed class notice, does not indicate the basis of the offset nor how such an offset would be calculated. This Court ordered the Parties to respond to the August 21 Trustee Letter by September 3, 2015.

By letter dated September 3, 2015, the Anwar Plaintiffs responded to the August 21 Trustee Letter ("September 3 Anwar Plaintiffs Letter"). (Dkt. No. 1411.) The Anwar Plaintiffs argue that the Proposed Citco Settlement "expressly states that it does not operate to release 'any claims asserted or which may be asserted by the Funds, or the pending (though dismissed) derivative litigation brought in connection with the Funds.'"[2] (*Id.*) The Anwar Plaintiffs also assert that the Trustee does not have standing to object to the Proposed Citco Settlement because "the Trustee is not a class member and cannot show 'formal legal prejudice.'" (*Id.*) (*quoting Bhatia v. Piedrahita,* 756 F.3d 211, 219 (2d Cir.2014)). Finally, the Anwar Plaintiffs contend that the Trustee could not meet the requirements for intervention under Fed.R.Civ.P. 24.

By letter dated September 3, 2015, the Citco Defendants also responded to the August 21 Trustee Letter ("September 3 Citco Letter"). (Dkt. No. 1410.) The Citco Defendants join the September 3 Anwar Plaintiffs Letter in full and further argue that the Trustee lacks standing to object to the Proposed Citco Settlement. In addition, the Citco Defendants argue that the Trustee's allegation that the class notice was deficient for not reflecting the Citco Defendants' offset rights is inaccurate as the notice fully complies with Fed.R.Civ.P. 23(2).

The Trustee responded by letter dated September 3, 2015 ("September 3 Trustee Letter") and reiterates that while the Trustee agrees that the Proposed Citco Settlement does not release the Trustee's claims, it could be read to offset the Trustee's damages, resulting in prejudice and providing the basis for the Trustee's standing to object. (Dkt. No. 1409.)

■ A "non-settling defendant generally lacks standing to object to a court order approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement." *Bhatia,* 756 F.3d at 218 (*citing Zupnick v. Fogel,* 989 F.2d 93, 98 (2d Cir.1993)). However, there is a recognized exception to this rule when a non-settling defendant can "demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* (*citing Zupnick,* 989 F.2d at 98).

■ Formal legal prejudice exists in rare circumstances such as when a "settlement agreement formally strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a

---

1. The relevant portion of Paragraph 19 states: "... Nothing in this paragraph precludes the Citco Defendants from arguing that the settlement proceeds in this case are an offset against claims that may be made against them in other proceedings...." (Dkt. No. 1398 Ex. 5, ¶ 19.)

2. This language is included in both the Proposed Citco Settlement (Dkt. No. 1398, ¶ 16) and the Proposed Order (Dkt. No. 1398 Ex. 5, ¶ 16).

trial." *Id.* (emphasis omitted). In *Bhatia,* the Second Circuit held that "a settlement which does not prevent the later assertion of a non-settling party's claims (although it may spawn additional litigation to vindicate such claims), does not cause the non-settling party 'formal' legal prejudice." *Id.* at 219.

■ The dispute here focuses on Paragraph 19 of the Proposed Order, which states in relevant part: "Nothing in this paragraph precludes the Citco Defendants from arguing that the settlement proceeds in this case are an offset against claims that may be made against them in other proceedings." (Dkt. No. 1398 Ex. 5, ¶ 19.) The language of this provision in no way prevents the Trustee from asserting the claims or defenses available to it. *See Bhatia,* 756 F.3d at 218 ("Nothing in the Final Order precludes the Non–Settling Defendants from asserting in the district court or in other litigation any claims or defenses that may be available to them."). The Trustee concedes as much, stating: "The settling parties and the Trustee agree that the proposed settlement does not release the Trustee's claims." (Dkt. No. 1409.)

Further, the Trustee's argument that it suffers prejudice because the Proposed Citco Settlement "could be read to somehow 'offset' the Trustee's damages" is unavailing. (*Id.*) (emphasis omitted). This argument is speculative and thus not sufficient to demonstrate formal legal prejudice. *See, e.g., In re Platinum & Palladium Commodities Litig.,* No. 10–CV–3617, 2014 WL 3500655, at *6 (S.D.N.Y. July 15, 2014), *appeal dismissed* (Oct. 6, 2014) ("The trustee has not shown formal legal prejudice here and does not have standing to object. Courts do not typically prognosticate about the res judicata effect of current orders in some future circumstance.").

The Court therefore finds that the Trustee does not have standing to object to the Proposed Citco Settlement.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the request of New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") for a pre-motion conference concerning its proposed motion to intervene in this action for the purpose of objecting to the Proposed Citco Settlement is **DENIED**.

**SO ORDERED.**