Pasha ANWAR, et al., Plaintiffs,

v.

**FAIRFIELD GREENWICH LIMITED, et al., Defendants.**

09–cv–0118 (VM)

United States District Court, S.D. New York.

Signed February 2, 2016

Christopher Lovell, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, Victor E. Stewart, Lovell, Stewart, Halebian LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner, LLP, James Abram Harrod, III, Wolf Popper LLP, Robert Alan Wallner, Milberg LLP (NYC), William M. O'Connor, Thompson & Knight, LLP (NYC), New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E.

Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, for Plaintiffs.

Richmon Company Ltd., pro se.

Positano Investment Ltd., pro se.

Mark Geoffrey Cunha, Michael Joseph Chepiga, Jeffrey Edward Baldwin, Jeffrey Lawrence Roether, Paige Elizabeth Fleming, Paul Jacob Sirkis, Peter Eric Kazanoff, Philip A. Mirrer-Singer, Sara Ann Ricciardi, Simpson Thatcher & Bartlett LLP, Glenn Kurtz, White & Case LLP, Andrew J. Levander, Jennie Boehm Krasner, Dechert, LLP, David Scott Hoffner, Hoffner PLLC, Adam K. Grant, Polsinell PC, Daniel R. Benson, Daniel J. Fetterman, Marc E. Kasowitz, Kasowitz, Benson, Torres & Friedman, LLP, Helen Virginia Cantwell, Mark P. Goodman, Debevoise & Plimpton, LLP, Andrew M. Genser, George N. Bauer, Kirkland & Ellis LLP, William R. Maguire, Gabrielle Sean Marshall, Sarah Loomis Cave, Hughes Hubbard & Reed LLP, Stephen Lee Weinstein, Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C., New York, NY, Amy E. Crawford, Brenton Rogers, Emily Nicklin, Timothy A. Duffy, Kirkland & Ellis LLP, Chicago, IL, Ricardo Alejandro Gonzalez, Greenberg Traurig, P.A., Miami, FL, Joseph Clay Coates, III., Jon Andrew Jacobson, Lauren Whetstone, Greenberg Traurig, West Palm Beach, FL, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On January 7, 2016, this Court issued an order preliminarily approving a settlement of this action ("January 7 Order"). (Dkt. No. 1537.) The Stipulation of Settlement ("Proposed PwC Settlement") resolves claims asserted by the Representative Plaintiffs on their own behalf and on behalf of the Settlement Class (collectively, "Anwar Plaintiffs") against Pricewaterhouse-Coopers LLP ("PwC Canada"), PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), and PricewaterhouseCoopers International Limited ("PwC International," together with PwC Canada and PwC Netherlands, the "PwC Defendants"). (Dkt. No. 1533.)

In the January 7 Order, the Court found that "(a) the [Proposed PwC Settlement] resulted from good faith, arm's-length negotiations; and (b) the [Proposed PwC Settlement] is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing." (Dkt. No. 1537 at 3.) The Court scheduled a Settlement Hearing for May 6, 2016 "to determine whether the proposed Settlement of the Action with the PwC Defendants on the terms and conditions provided for in the [Proposed PwC Settlement] is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice ["Proposed Order"] as provided in Exhibit B to the [Proposed PwC Settlement] should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate." (*Id.* at 4.)

By letter dated January 25, 2016, New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") requested a pre-motion conference regarding the Trustee's proposed motion to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"), for the limited purpose

of objecting to the Proposed PwC Settlement ("January 25 Trustee Letter"). (Dkt. No. 1541.) The Trustee argues that (1) the Proposed PwC Settlement is void and unenforceable because the attorneys for PwC International did not sign the agreement; (2) Paragraph 19 of the Proposed Order (Dkt. No. 1533, Ex. B)[1] is objectionable because the PwC Defendants might contend that the Court has determined that the PwC Defendants have "colorable rights to offset the Trustee's claims;" and (3) the Proposed PwC Settlement allows a single fund to be shared among all class members which could ultimately be used to unfairly offset the Trustee's claims. (Dkt. No. 1541.) The Court ordered the Anwar Plaintiffs and PwC Defendants to respond jointly by January 28, 2016. (*Id.*)

■ By letter dated January 28, 2016, the Anwar Plaintiffs responded to the January 25 Trustee Letter ("January 28 Anwar Plaintiffs Letter"). (Dkt. No. 1542.) The Anwar Plaintiffs state that the Court already rejected a similar attempt by the Trustee to intervene and object to the settlement between the Anwar Plaintiffs and the Citco Defendants ("Citco Settlement"). (*See* Dkt. No. 1413.) Similar to issues raised in connection with the Citco Settlement, the Anwar Plaintiffs argue that the Trustee does not have standing to object to the Proposed PwC Settlement because "the Trustee is not a class member and cannot show formal legal prejudice." (Dkt. No. 1542 at 2) (*citing* Dkt. No. 1413; *Bhatia v. Piedrahita*, 756 F.3d 211, 219 (2d Cir.2014)) (internal quotation marks omitted). In response to the Trustee's specific objections, the Anwar Plaintiffs contend that (1) PwC International

agrees to be bound by the final judgment; (2) the Trustee does not have standing based on the "offset" argument; (3) single-fund settlements have been approved by the Court, and if required in the future, the Anwar Plaintiffs could provide a breakdown of the amounts that were distributed to investors in Greenwich Sentry and Greenwich Sentry Partners; and (4) the Trustee cannot meet the requirements for intervention under Rule 24. (Dkt. No. 1542.)

The PwC Defendants also responded to the January 25 Trustee Letter on January 28, 2016 ("January 28 PwC Defendants Letter"). (Dkt. No. 1543.) The PwC Defendants join the January 28 Anwar Plaintiffs Letter and further argue that the Trustee lacks standing to object to the Proposed PwC Settlement because the Trustee has failed to identify "anything in the PwC settlement that prejudices any claims or defenses the Trustee may have in any proceeding." (*Id.* at 1.) Specifically, the PwC Defendants argue that, in regards to PwC International, it is not improper for the settling parties to a settlement agreement "to release or bar claims against parties or non-parties who are not signatories to a settlement agreement and to provide that they will be bound by orders relating to the settlement." (*Id.* at 2.) Second, in regards to the offset argument, the PwC Defendants contend that "the Court overruled precisely this objection in connection with the Citco [S]ettlement, and the Trustee advances no grounds for a different result here." (*Id.* at 3.) Finally, the PwC Defendants state that it would be "unnecessary and impractical" at this stage to "predict in advance the appropriate allocation of settlement

---

**1.** The relevant portion of Paragraph 19 states: "Nothing in this paragraph precludes the PwC Defendants from arguing that the settlement proceeds in this case are an offset against claims that may be made against them in other proceedings." (Dkt. No. 1533, Ex. B.)

proceeds by 'fund' as the amount of and basis for such payments will ultimately depend upon the claims made by participating investors." (*Id.*)

In a reply letter dated January 29, 2016 ("January 29 Trustee Letter"), the Trustee reiterates that PwC International is required to sign the Proposed PwC Settlement. (Dkt. No. 1544.) Moreover, even if the settlement agreement were enforceable, PwC International would unfairly receive the benefits of the settlement while the Trustee and the Settlement Class would not receive the benefits PwC International is supposed to provide under the agreement. (*Id.*)

■ A "non-settling defendant generally lacks standing to object to a court order approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement." *Bhatia,* 756 F.3d at 218 (*citing Zupnick v. Fogel,* 989 F.2d 93, 98 (2d Cir.1993)). However, there is a recognized exception to this rule when a non-settling defendant can "demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* (*citing Zupnick,* 989 F.2d at 98).

■ Formal legal prejudice exists in rare circumstances such as when a "settlement agreement formally strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial." *Id.* (emphasis omitted). In *Bhatia,* the Second Circuit held that "a settlement which does not prevent the later assertion of a non-settling party's claims (although it may spawn additional litigation to vindicate such claims), does not cause the non-settling party 'formal' legal prejudice." *Id.* at 219.

The Trustee previously attempted to intervene for the purpose of objecting to the Citco Settlement, and the Court found that the Trustee lacked standing to do so. (Dkt. No. 1413.) Here, the Trustee raises similar issues and has failed to demonstrate formal legal prejudice.

The Court previously found that the same language used in Paragraph 19 of the Proposed Order in no way prevents the Trustee from asserting the claims or defenses available to it. (Dkt. No. 1413.) The Trustee even concedes that this argument was previously dismissed by the Court, stating: "The Trustee raised a similar point in connection with its application to intervene in connection with the Citco Settlement, but the Court ruled that the Trustee had not shown prejudice." (Dkt. No. 1541 at 2 n.5.)

Although the Trustee argues that its other objections are sufficient to establish prejudice (*see* Dkt. No. 1541 at 2 n.5), the Court is unpersuaded that the Trustee has successfully demonstrated formal legal prejudice. First, PwC International has agreed to be bound by the Proposed PwC Settlement. Second, the Trustee's allegation that the single settlement fund could be used to unfairly offset the Trustee's claims is speculative and insufficient to demonstrate formal legal prejudice. The Court therefore finds that the Trustee does not have standing to object to the Proposed PwC Settlement.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") for a pre-motion conference concerning its proposed motion to intervene in this action for the limited

purpose of objecting to the Proposed PwC Settlement (Dkt. No. 1541) is **DENIED.**

**SO ORDERED.**