**Pasha ANWAR, et al., Plaintiffs,**

v.

**FAIRFIELD GREENWICH LIMITED, et al., Defendants.**

09–cv–0118 (VM)

United States District Court, S.D. New York.

Signed February 16, 2016

Christopher Lovell, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, Victor E. Stewart, Lovell, Stewart, Halebian

LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner LLP (NYC), James Abram Harrod, III, Wolf Popper LLP, Robert Alan Wallner, Milberg LLP (NYC), William M. O'Connor, Thompson & Knight, LLP (NYC), New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, for Plaintiffs.

Richmon Company Ltd., pro se.

Positano Investment Ltd., pro se.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge

On January 7, 2016, this Court issued an order preliminarily approving a settlement of this action. (Dkt. No. 1537.) The Stipulation of Settlement ("Proposed PwC Settlement") resolves claims asserted by the Representative Plaintiffs on their own behalf and on behalf of the Settlement Class (collectively, "Anwar Plaintiffs") against PricewaterhouseCoopers LLP ("PwC Canada"), PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), and PricewaterhouseCoopers International Limited ("PwC International"). (Dkt. No. 1533.) By letter dated January 25, 2016, New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") requested a pre-motion conference regarding the Trustee's proposed motion to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for the limited purpose of objecting to the Proposed PwC Settlement. (Dkt. No. 1541.) By Order dated February 2, 2016 ("February 2 Order") the Court denied the request of the Trustee for a pre-motion conference, having found

that the Trustee failed to demonstrate formal legal prejudice under *Bhatia v. Piedrahita*, 756 F.3d 211, 219 (2d Cir.2014). (Dkt. No. 1547.)

The Trustee, by motion to this Court dated February 9, 2016 ("Motion"), seeks reconsideration of the Court's February 2 Order or, alternatively, a declaration that PwC International is bound by the Proposed PwC Settlement. (Dkt. No. 1549.)

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered[,] and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790 (2d ed.)). To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3") must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Part-*

*ners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

■ Upon review of the record of this action, including the Trustee's Motion and the papers submitted in support thereof, the Court denies the Motion. The Court is not persuaded that the Trustee has presented any new facts or controlling law the Court overlooked that might reasonably be expected to alter the Court's Order. *See* Local Civil Rule 6.3; *Shrader,* 70 F.3d at 257; *Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255. Thus, the Court concludes that neither reconsideration nor a declaration that PwC International is bound by the Proposed PwC Settlement is warranted.

### *ORDER*

Accordingly, it is hereby

**ORDERED** that the motion of New Greenwich Litigation Trustee, LLC, as Successor Trustee of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts ("Trustee") for reconsideration of the Court's Order dated February 2, 2016 or, alternatively, a declaration that PricewaterhouseCoopers International Limited ("PwC International") is bound by the Stipulation of Settlement (Dkt. No. 1549) is **DENIED.**

**SO ORDERED.**